**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

TAWANA ANN MCGEE and TIMOTHY
D'ANGELO MICKELL,

        Plaintiffs,

        v.                                  CAUSE NO.: 2:24-CV-31-TLS-JEM

STEPHEN SCHINDLER, et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Tawana Ann McGee's Motion to Proceed In Forma Pauperis [ECF No. 2], filed on January 24, 2024. For the reasons set forth below, the Court denies the Motion to Proceed In Forma Pauperis and dismisses the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff Tawana Ann McGee is granted leave to file an amended complaint and either another motion to proceed in forma pauperis or the statutory filing fee subject to the Court's instructions below. If Plaintiff McGee fails to amend her Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

**BACKGROUND**

On January 24, 2024, Plaintiff Tawana Ann McGee (hereafter, "McGee") filed a pro se Complaint against several police officers of the East Chicago Police Department. *See* Compl. 2, ECF No. 1. Plaintiff Timothy D'Angelo Mickell, who is McGee's son, is also listed as a plaintiff. *See id.* at 1, 5. However, only McGee signed the Complaint. *Id.* at 17. McGee generally alleges that several police officers used excessive force against Mickell. *Id.* at 5–6. She claims that she witnessed the alleged attack. *Id.* at 6, ¶ 11.

As to herself personally, McGee alleges damages for emotional distress because she "was in close proximity to the torts." *Id.* at 14. She also alleges she was deprived of "civilian due process" by the police department. *Id.* She also requests a "writ of quo warranto" against Defendant Stephen Schindler because he "omitted to perform duties required by law resulting in constitutional infringement." *Id.* at 15–16.

## ANALYSIS

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). The federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, Plaintiff Tawana Ann McGee's motion establishes that she is unable to prepay the filing fee.

However, the Court must now examine whether the action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). The standard for dismissing a complaint under § 1915(e)(2)(B)(ii) is the same standard as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 468 (7th Cir. 2017). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "However, [courts] need not accept as true statements of law or unsupported conclusory factual allegations." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013) (citation omitted).

As an initial matter, Plaintiff Tawana Ann McGee cannot represent Plaintiff Timothy D'Angelo Mickell. "[O]ne pro se litigant cannot represent another." *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) (citing 28 U.S.C. § 1654). "A *pro se* litigant . . . is not allowed to represent other people on appeal or in the district court." *Davis v. Anderson*, 718 F. App'x 420, 423 (7th Cir. 2017) (cleaned up). "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Here, only McGee signed the Complaint. *See* Compl. 17. It appears that McGee claims to represent Mickell because he is her son. *Id.* at 5, ¶ 1. However, this relationship is insufficient to confer McGee with authority to represent Mickell in court. *See, e.g.*, *Davis*, 718 F. App'x at 423 (finding that father was without authority to represent son on appeal); *Graham v. City of Elkhart*, No. 3:21-CV-495, 2021 WL 5741330, at *5 (N.D. Ind. Dec. 2, 2021) (concluding that pro se mother "cannot represent her daughter on her claim that she was sexually assaulted" (citing *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010))); *J.S. v. Manchester Cmty. Sch. Corp.*, No. 3:19-CV-421, 2019 WL 7283285, at *4 (N.D. Ind. Dec. 23, 2019) (concluding that pro se father could not bring a § 1983 claim on behalf of his son). As such, the Court dismisses the claims brought by Plaintiff McGee on behalf Plaintiff Mickell.

As to herself personally, Plaintiff McGee attempts to state a claim for being "deprived of civilian due process." Compl. 14. The Court construes this as an attempt to state a procedural due

process claim under 42 U.S.C. § 1983. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived [her] of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) (citing *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005)). "To demonstrate a procedural due process violation, the plaintiff[] must establish that there is '(1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process.'" *Hudson v. City of Chicago*, 374 F.3d 554, 559 (7th Cir. 2004) (quoting *Buttitta v. City of Chicago*, 9 F.3d 1198, 1201 (7th Cir. 1993)).

Here, McGee specifically alleges she "was deprived of civilian due process, in which breached the trust between McGee and the police department." Compl. 14. As to herself, McGee has failed to allege facts demonstrating that her constitutional rights were violated. *See, e.g.*, *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996) (finding that conclusory allegation that "available state remedies are inadequate" failed to state a procedural due process violation). Nor does she identify any cognizable property interest. *See Hudson*, 374 F.3d at 559. Moreover, she fails to state facts which could give rise to a reasonable inference that her constitutional rights were violated. *See Leavell v. Illinois Dep't of Nat. Res.*, 600 F.3d 798, 806 (7th Cir. 2010) (affirming dismissal of due process claim that failed to allege elements of claim). Further, the Court may disregard the legal conclusion of "civilian due process." Thus, McGee's conclusory allegations fail to state a due process claim as to herself, and the Court dismisses the claim.

Plaintiff may also be attempting to bring an Indiana tort claim for intentional infliction of emotional distress, as well as an Indiana claim for quo warranto. The Court first considers whether it has original subject matter jurisdiction over any state law claims premised on diversity jurisdiction under 28 U.S.C. § 1332. "The enactment establishes federal jurisdiction over 'all

civil actions where the matter in controversy exceeds' $75,000 and, as relevant here, if the action is between 'citizens of different States' or 'citizens of a State and citizens or subjects of a foreign state.'" *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (quoting 28 U.S.C. § 1332(a)). Here, Plaintiff McGee has not sufficiently alleged the Court's diversity jurisdiction. She lists her residence as being in Gary, Indiana. *See* Compl. 1; *see also* Envelope, ECF No. 1-2 (showing return address in Gary, Indiana). Elsewhere, she claims to be a resident of the "Illinois Republic." *Id.* at 3. As to the three defendants, she lists their address as 2301 Columbus Drive in East Chicago, Indiana. Compl. 2. However, this appears to be the address for the East Chicago Police Department as opposed to any domicile of the individual defendants. When asked to identify the citizenship of the defendants, she fails to identify where Stephen Schindler resides and simply refers this Court to "see Articles of Incorporatism [sic]." Compl. 3. She does not include the citizenship of the other defendants. Therefore, the Court cannot confirm that the requirements of diversity jurisdiction are satisfied. If Plaintiff McGee decides to pursue her state law claims by filing an amended complaint, she must clarify the state of her citizenship and that of each of the Defendants at the time of filing the Complaint in this case.

The Court recognizes that it has supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367 based on its original jurisdiction to hear the federal statutory claim. However, because the Court is dismissing the federal claim for failure to state a claim, the Court declines to exercise its supplemental jurisdiction over the state law claims and dismisses the claims on that basis. Should the Plaintiff decide not to file an amended complaint based on the Court's diversity jurisdiction, the Plaintiff is permitted to pursue her claims in state court because the Court has declined to exercise jurisdiction over the state law claims under 28 U.S.C. § 1367(c)(3). *See* 28 U.S.C. § 1367(d).

Thus, Plaintiff McGee's request to proceed without prepayment of fees is denied, and the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff up to and including February 23, 2024, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Any amended complaint must cure the deficiencies identified in this Opinion. Along with an amended complaint, Plaintiff McGee must also file a new Motion to Proceed In Forma Pauperis or the filing fee. If Plaintiff McGee does not file an amended complaint by February 23, 2024, the Court will direct the Clerk of Court to close this case.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Plaintiff Tawana Ann McGee's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES without prejudice the Complaint [ECF No. 1] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court GRANTS the Plaintiff up to and including February 23, 2024, to file an Amended Complaint that cures the defects set forth above. The Plaintiff is REQUIRED to use an approved Civil Complaint form found on the Court's website.[1] The Plaintiff must also file a new Motion to Proceed In Forma Pauperis or pay the filing fee by February 23, 2024.

The Court DIRECTS the Clerk of Court to provide Plaintiff Tawana Ann McGee with a Civil Complaint form and a Motion to Proceed In Forma Pauperis form.

Plaintiff Tawana Ann McGee is cautioned that, if she does not respond by the February 23, 2024 deadline, the Court will direct the Clerk of Court to close this case without further notice to the Plaintiff.

---

[1] https://www.innd.uscourts.gov/forms/ProSeForms

SO ORDERED on February 2, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT